**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**


Civil Action No. 12-cv-01889-RM

Janet L. Parker

   Plaintiff,

v.

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration,

   Defendant.

---

## ORDER

---

## I.  INTRODUCTION

  Plaintiff Janet L. Parker (plaintiff), appearing *pro se,* seeks review of the Commissioner

of Social Security's (Commissioner), decision that her Social Security retirement and survivor

benefits be reduced as provided by the Windfall Elimination Provision (WEP), and the

Government Pension Offset (GPO), provisions of the Social Security Act (SSA).  (ECF No.2).

Finding that the Commissioner applied the appropriate legal standards, this court affirms the

Commissioner's decision.

  Plaintiff also seeks the court's review of the constitutionality of these provisions and

seeks clarification of whether her filings are sufficient for a ruling.  (ECF Nos.27, 35).  This

court has jurisdiction pursuant to 42 U.S.C. §405(g); see also *Califano v. Sanders,* 430 U.S. 99,

109 (1977)(Constitutional questions' resolution unsuited to administrative hearings and, thus, access to the courts is essential to answering such questions). For reasons fully stated below, the court notes that plaintiff's filings are sufficient to permit this court's ruling and finds that plaintiff's arguments regarding the constitutionality of these provisions are unavailing.

## II. FACTUAL AND PROCEDURAL BACKGROUND

It is undisputed that plaintiff's employment history includes both exempt and non-exempt work. While employed as a part-time teacher for schools covered by the Colorado Public Employees Retirement Association (PERA), her employers did not withhold Social Security (SS) taxes from plaintiff's earnings. (ECF No. 11, pp.16, 20, 37, 48). Based on these earnings, plaintiff now receives a monthly PERA pension of just over $1000. (ECF No. 11, p.108). Plaintiff's work history also includes work for nonexempt employers or as a self-employed worker. (ECF No. 11, pp.15-18, 23-27). During these times plaintiff's earnings were subject to SS taxes, thereby entitling her to receive various SS benefits. *Id.*

Plaintiff applied for retirement and spousal benefits in December, 2008. *Id.* In her application plaintiff reported receiving a pension from her exempt work. *Id.* The next month (January 2009), the agency informed plaintiff that her SS benefits were reduced as a result of the WEP. *Id.* In February, 2009, the agency informed plaintiff that her spousal benefits had been nullified by its GPO calculation. (ECF NO. 11- pp.28-30). Plaintiff sought review of the agency decisions and requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 11, pp. 31-36, 45-54, 209-36).

Plaintiff appeared, represented herself and testified at the September 17, 2010, hearing before the ALJ. (ECF No.11, pp. 211-36). The ALJ issued his opinion on September 28, 2010,

finding that: (1) the agency correctly applied WEP and GPO in determining the amount of plaintiff's SS retirement and Spousal benefits and (2) that he lacked authority to rule on whether the SS statutes and regulations were constitutional. (ECF No. 11, pp.11-14). This became the Commissioner's final decision on May 23, 2012 when the Appeals Council denied plaintiff's request for review. (ECF No. 11, pp. 4-7).

### III.    STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to determining whether the ALJ applied the correct legal standard and the ALJ's decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Serv.,* 961 F.2d 1495, 1497-98 (10th Cir.1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan,* 912 F.2d 1194, 1196 (10th Cir. 1990)(citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)); see also *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir.2007)(Substantial evidence is adequate to support a conclusion and requires more than a scintilla, but less than a preponderance.").

Under this standard, the court will consider whether the Commissioner followed the specific rules of law but, will not re-weigh the evidence or substitute the court's judgment for that of the Commissioner. *Hackett v. Barnhart,* 395 F.3d 1168, 1172 (10th Cir. 2005). The possibility of drawing a different conclusion based on the evidence does not prevent the agency decision from being one that is based on substantial evidence. *Id.* In a case such as this where there is no dispute of fact and where the issue is whether the Commissioner correctly applied the applicable legal standard, the court will determine whether the Commissioner was clearly erroneous in applying the law. *Burks v. Apfel*, 67 F.Supp.2d 1203, 1204 (D.Colo 1999).

Plaintiff proceeding *pro se*, will have her filings liberally construed although, that does not mean the court will act as her advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

## 1V.  DISCUSSION

### A.  Challenged Benefit Calculations

Under the Social Security Act (SSA), an individual who is at least 62 years old and otherwise "fully insured" as defined by the SSA is entitled to receive monthly retirement insurance benefits.  42 U.S.C. §§ 402 and 414(a).  The payment amount is the primary insurance amount (PIA).  *Id.* and 42 U.S.C. § 415(a)(1).  The PIA is calculated and possibly adjusted through a number of different considerations, one of which is whether the claimant receives other monthly periodic payments from wages exempt from Social Security taxes.  See e.g., *Stroup v. Barnhart,* 327 F.3d 1258, 1259-60 (11th Cir. 2003)(*cert denied* 540 U.S. 1074 (2003).  If the claimant does receive other periodic payments, the PIA is recalculated using the WEP provisions.  42 U.S.C. §415(a)(7)(A) and (B).

The WEP was enacted in 1983 to prevent individuals who earned wages from both covered and non-covered employment from receiving an unwarranted windfall.  42 U.S.C. § 415(a)(7)(A)(PIA recalculated when "a monthly periodic payment ... which is based in whole or in part upon his or her earnings for service which did not constitute 'employment' as defined in section 410 of this title for purposes of this subchapter.");  *Stroup,*  327 F.3d at 1259-60.  The WEP significantly modifies the PIA formula – from 90% to as low as 40% on the first $791 monthly earnings - however the reduction cannot exceed half of the individual's pension amount based on exempt work.  42 U.S.C. §§ 415(a)(1)(A), 415(a)(7)(B)(ii)(V) and 415(a)(&)(B)(I).

The WEP applies to individuals (such as plaintiff), eligible for pension after 1985, even in cases such as plaintiff's where the benefits and pension together would hardly qualify as a windfall under common usage of the word. (ECF No. 11, p.420, (plaintiff eligible for PERA pension in November 1994)). Unfortunately although the WEP contains both a lengthy list of exceptions and a method to assure that those with relatively low pensions benefits are not reduced by more than half of their pension, there is nothing that exempts a long time but low wage earner such as plaintiff.

Similarly under the dual entitlement offset provision, the GPO reduces an individual's monthly benefits, including their survivor benefit, if the individual is also entitled to a pension based on exempt employment, i.e., employment during which the worker's wages are exempt from SS taxes. 42 U.S.C. § 402(k)(5)(A); 20 C.F.R. § 404.408a(a). There is no dispute that because plaintiff did not pay SS taxes on the wages received from her Colorado state school employers, her PERA pension payments are based on non-covered/exempt employment.

However plaintiff does dispute the order in which the Commissioner calculated the offset arguing it was contrary to law, should have been calculated in a different order and would then have yielded a different result. (ECF No.27 –pp.16-17). The GPO requires the SSA to apply the dual entitlement offset to individuals who are entitled to both a retirement benefit and a survivor benefit and directs the amount that and order in which, the survivor benefit must be reduced – in this instance by two-thirds of plaintiff's PERA pension amount or $671.20. 42 U.S.C. § 402(k)(3)(A). I find no error of law or fact in the Commissioner's resulting calculation which unfortunately in this particular instance, completely eliminated plaintiff's monthly survivor's benefit. (ECF No.11, pp.13, 140, 162)

**B.     Constitutional and Statutory Claims**

Plaintiff alleges that as a government worker, her constitutional rights under the Equal Protection Clause of the Fourteenth Amendment have been violated.  (ECF Nos. 18; 27). Plaintiff's allegations broadly construed, assert that the WEP and GPO have no rational basis and are not related to any legitimate government interest because they apply only to government workers and favor those whose high covered earnings satisfy the substantial earnings exception. See e.g., (ECF NO. 27, p.26).  Plaintiff also includes a due process claim alleging that defendant "attempted to slip the Constitutional issues out of the Case Management Plan . . . ."  (ECF No. 18, p.1).  Finally plaintiff argues that the various SSA publications she has accessed from the internet demonstrate that the SSA violates the False Statements Act, 18 U.S.C. § 1001.  (ECF No. 18, pp.24-25).

In determining whether withholding a noncontractual benefit under a social welfare program violates the constitutional rights of a beneficiary, the court is limited to a rational basis test. *Flemming v. Nestor*, 363 U.S. 603, 611 (1960).  In applying this standard, courts are mindful of the special deference given to the states and Congress when the law concerns social welfare programs.  *U.S. Railroad Retirem't Bd v. Fritz*, 449 U.S. 166, 174-77 (1980).  This standard of deference means that the court must consider whether the statute manifests a patently arbitrary classification, utterly lacking in rational justification.  *Id.*  A statute survives this test "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. . . . ."  *FCC v. Beach Communicat'n Inc,*  508 U.S. 313, 315 (1993).  The statute is "not subject to courtroom fact-finding" and may be based on unsupported rational speculation. *Id.*

Under this highly deferential standard, courts in this Circuit and others, have found that the WEP and GPO provisions do not violate the Equal Protection Clause. I concur.

Government retirees have not contributed to the social security fund and are therefore not similarly situated to retirees who have paid SS taxes. Non-exempt employees whose wages were subject to SS taxes, did not have the benefit of the present value of the money withheld from their wages. Similarly pension offsets to SS spousal benefits were enacted to protect the fiscal integrity of the SS fund to which government pensioners have neither contributed nor will be left destitute if not afforded spousal benefits. *Edwards v. Valdez,* 789 F.2d 1477, 1482 (10th Cir. 1986). Because there are plausible reasons for offsetting government worker's benefits, I find the legislative decision to treat retirees from exempt government employment differently than non-exempt retirees does not violate the constitutional rights of government retirees.

Plaintiff's due process claim hinges on her vague allegations that the agency tried to exclude her constitutional claims from the case at hand. It is well established that due process requires notice and a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Plaintiff has been notified of and has participated in all hearings relevant to her case. Further, the record evinces substantial and substantive correspondence between the SSA and plaintiff. (ECF No.11). Plaintiff appeared and had an opportunity to be heard before the ALJ. (ECF No.11, pp.210-236). When the Appeals Council notified plaintiff that it would not review the ALJ's decision, it advised her that she could ask for court review by filing a federal court complaint. (ECF No. 11, p.4-6). Thus considering the record as a whole, I find no basis for plaintiff's due process claim.

Finally, plaintiff's claim that the SSA violates the False Statements Act (FSA) by publishing allegedly misleading and false information on the internet ignores that the FSA provides consequences for those making false claims *to* rather than *by* the government and its agencies. The FSA does not apply to publications written by agency employees which confuse rather than inform the general public.

I therefore find that based on the record and oral argument held on September 5, 2013, the WEP and GPO are constitutional, that plaintiff has not suffered a due process violation, that the agency's publications do not violate the FSA and that the Commissioner's final decision regarding plaintiff's benefits is supported by substantial evidence and free of legal error.

## V. CONCLUSION

Based on the foregoing, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED

DATED this 17th day of June, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge